# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Krisna Jones, <br><br>   Plaintiff, <br><br> vs. <br><br> Equifax Information Services, LLC, a Georgia limited liability company, and Smith, Rouchon & Associates, Inc., a Mississippi company, <br>   Defendants. | Case No.: <br><br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, KRISNA JONES, BY AND THROUGH COUNSEL, Matthew Landreau, and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Florence, Lauderdale County, Alabama.

4. Venue is proper in the Northern District of Alabama, Northwestern Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Florence, Lauderdale County, Alabama.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Alabama; and

    b. Smith, Rouchon & Associates, Inc. ("Smith") is a Mississippi company that conducts business in the State of Alabama.

## GENERAL ALLEGATIONS

7. Smith is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous account status as open on Plaintiff's Equifax credit disclosure.

8. The account reflected by the Errant Tradeline was discharged in her Chapter 7 Bankruptcy petition. Therefore, the account status should be reported as closed.

9. On or about August 23, 2019, Plaintiff obtained her Equifax credit disclosure and notice the Errant Tradeline inaccurately reporting with an erroneous account status as open.

10. On or about December 2, 2019, Plaintiff submitted a letter to Equifax disputing the Errant Tradeline.

11. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was already discharged in her Chapter 7 Bankruptcy petition. Accordingly, she asked Equifax to report the Errant Tradeline with an account status as closed.

12. Equifax forwarded Plaintiff consumer dispute to Smith.

13. Smith received Plaintiff's consumer dispute from Equifax.

14. Smith did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff' dispute.

15. In response to Plaintiff's dispute, Smith verified to Equifax that its reporting of the erroneous tradeline was accurate.

16. Plaintiff had not received Equifax's investigation results. Therefore, on January 17, 2020, Plaintiff obtained her Equifax credit disclosure, which showed that Equifax and Smith failed or refused to report the account status as closed on the Errant Tradeline.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff also experienced undue stress and anxiety due to Defendants' failure to correct the errors in their credit files or improve their financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SMITH**

18. Plaintiff realleges the above paragraphs as if recited verbatim.
19. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous reporting of the account status on the Errant Tradeline, Smith negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).
20. Smith negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with an account status as closed.

21. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff consumer credit file with Equifax, to which it is reporting such tradeline.

22. As a direct and proximate cause of Smith's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Smith is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Plaintiff has a private right of action to assert claims against Smith arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Smith for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SMITH**

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Smith willfully failed to conduct a proper

reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with an account status as closed.

27. Smith willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of Smith's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Smith is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Smith for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

30. Plaintiff reallege the above paragraphs as if recited verbatim.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

34. After receiving Plaintiff' consumer dispute to the Errant Rice Tradeline and Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAY** that this court grant them a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

41. After receiving Plaintiff's consumer dispute to the Errant Rice Tradeline and Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant them a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 28, 2020

By: */s/ Matthew Landreau*
Matthew Landreau
AL Bar No. LAN079
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,*
*Krisna Jones*